Benjamin I. Whipple
1150 South Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Sterling P. Nielsen, individually, and as personal representative of the Estate of Irene M. Nielsen,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | Case No.<br><br>COMPLAINT |

COMES NOW plaintiff Sterling P. Nielsen, individually and as as personal representative of the Estate of Irene M. Nielsen, and for his complaint against defendant United States of America alleges on information and belief as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680, 2401(b) and 28 U.S.C. §§ 1331 and 1346(b).

2. On July 17, 2013 Irene M. Nielsen and Sterling

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
NIEL-PLE.201

Case 3:15-cv-00258-JWS   Document 1   Filed 12/18/15   Page 1 of 5

P. Nielsen, a married couple, submitted an administrative claim for medical malpractice to the U.S. Department of Health & Human Services.

3. Ms. Nielsen passed away on July 31, 2014. On October 13, 2014 the Alaska Superior Court appointed her husband, Sterling P. Nielsen, as personal representative of the Estate of Irene M. Nielsen (3PA-14-278 PR).

4. On February 5, 2015, the U.S. Department of Health & Human Services denied the administrative claim referenced above. On July 23, 2015 Mr. Nielsen submitted the claim again for reconsideration. On October 28, 2015 that resubmitted claim was also denied. All conditions precedent to a claim under the Federal Tort Claims Act have been met.

5. Venue is properly within this District under 28 U.S.C. § 1402(b) as the act complained of occurred in the District of Alaska.

6. Plaintiff is a resident of the State of Alaska.

7. The United States of America is the authority under which the Department of Health & Human Services, the Indian Health Service, and the Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Center are organized, and the employer of those persons at ANMC whose negligent actions caused injury to Ms. Nielsen. The United States of America is therefore the appropriate defendant under the Federal Tort Claims Act.

8. The Alaska Native Tribal Health Consortium through the Alaska Native Medical Center provides medical services within the State of Alaska and is a healthcare

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
NIEL-PLE.201

provider within the meaning of A.S. § 09.55.560(1).

9. Brian A. Trimble, M.D. and John M. Midthun, M.D. are residents of the State of Alaska and medical doctors licensed to practice medicine within the State of Alaska. Each at the time pertinent was an employee of an agency of the United States, as described above, and each acted with regard to Ms. Nielsen within the scope of his employment.

10. The amount in controversy exceeds $75,000.

11. Medical personnel at Alaska Native Medical Clinic (ANMC) of Anchorage, Alaska, including the doctors named above, negligently failed to reset a computerized brain shunt (Strata level 1.0 valve) after a MRI procedure on April 26, 2012. Over the next several weeks other treatment providers at ANMC failed to determine that the MRI had interered with the shunt. Brian A. Trimble, M.D. ordered the MRI. John M. Midthun, M.D. furnished the MRI report. The omission was discovered on May 17, 2012 by Suzanne E. Fix, M.D.

12. As a direct and proximate result of this negligence, Ms. Nielsen developed an aggravated hydrocephalus and related complications. She required extensive hospitalization at Alaska Native Medical Clinic (5/6/12 - 5/10/12, 5/16/12 - 6/20/12), and at Prestige Care and Rehabilitation Center (PCRC) (6/20/12 - 7/15/12), and a brief follow-up at Harborview Medical Center (HMC) (7/18/12 - 7/19/12).

13. Defendant, by contract with Ms. Nielsen and by reason of the ANMC treatment providers' undertaking, owed a duty to her to provide medical services in accordance with

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
NIEL-PLE.201

Case 3:15-cv-00258-JWS   Document 13   Filed 12/18/15   Page 3 of 5

the degree of care ordinarily exercised under the circumstances by health care providers within the field or speciality.

14. Defendant breached this duty to Ms. Nielsen within the meaning of A.S. § 09.55.540(a).

15. Plaintiffs allege medical malpractice within the meaning of A.S. § 09.55.540.

16. Ms. Nielsen endured both economic and non-economic loss as a direct and proximate result of the negligence, including medical expense and considerable pain and suffering, emotional distress, loss of quality of life, inconvenience, and disfigurement or severe and permanent physical impairment, within the meaning of A.S. § 09.055.549(e) or § 17.10.010(c).

17. Plaintiff Sterling Nielsen, the husband of Irene Nielsen, suffered loss of consortium within the meaning and limitations of A.S. § 09.055.549(e) by reason of his wife's injury and incapacity.

WHEREFORE, plaintiff prays for relief from this Court, as follows:

1. For economic and noneconomic compensatory damages in an amount to be proved at trial;
2. For costs and attorney's fees; and,
3. For such other and further relief as the Court deems proper.

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
NIEL-PLE.201

Case 3:15-cv-00258-JWS   Document 14   Filed 12/18/15   Page 4 of 5

DATED this 18th day of December 2015.

By /s/ Benjamin I. Whipple
Benjamin I. Whipple
Alaska Bar No. 9311096
Attorney for Plaintiff
1150 S. Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
NIEL-PLE.201

Case 3:15-cv-00258-JWS   Document 1   Filed 12/18/15   Page 5 of 5